Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50164 | **DATE** | 5/20/2002 |
| **CASE TITLE** | Bell vs. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment as to plaintiff's retaliation claim is granted. The court hereby dismisses plaintiff's retaliation claim, and reaffirms its previous orders (Doc Nos. 12 & 26) dismissing the remainder of plaintiff's claims. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✗ | Notices mailed by judge's staff. | | MAY 21 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| ✗ | Mail AO 450 form. | 02 MAY 20 PM 3:36 | 5-20-02 |
| ✗ | Copy to judge/magistrate judge. | FILED-WD | date mailed notice |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# (Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Peter E. Bell, proceeds pro se in his complaint against defendant, John E. Potter, Postmaster General of the United States ("Postmaster General"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3, 2000e-16, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a. Jurisdiction and venue are proper in this district and division based on 42 U.S.C. §§ 2000e-16(c), 2000e-5(f)(3). Before the court is the Postmaster General's motion for summary judgment on Bell's retaliation claim, filed pursuant to Fed. R. Civ. P. 56. Because this claim was originally dismissed but later reinstated, the court gave the parties an opportunity to conduct any further discovery on it and gave the Postmaster General leave to file the present motion. For brevity's sake, the court will assume familiarity with its previous memorandum opinion in this case, see Bell v. Potter, No. 00 C 50164, 2001 WL 1636888 (N.D. Ill. Dec. 20, 2001), and will recite only those facts necessary to its analysis of the retaliation claim.

Bell essentially alleges Mark Wolski, who is in charge of hiring for the U.S. Postal Service ("USPS") in the northern Illinois area, refused to hire him in retaliation for previously filing an informal complaint of discrimination (or request for "pre-complaint counseling" as it is called) against Wolski with the USPS's equal employment opportunity office. To prove this claim Bell may proceed in one of two ways, the first of which is to present direct evidence that his protected expression – i.e., filing an informal complaint of discrimination – caused Wolski not to hire him. See Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 643, 644 (7th Cir. 2002). Such direct evidence must establish the causal relationship between Bell's protected activity and the adverse employment action "without resort to inferences from circumstantial evidence." Id. at 644. Bell believes he has just this sort of direct evidence in this case. After he filed his informal complaint of discrimination, Bell participated in the USPS's mediation or alternative dispute resolution program (known by the acronym "REDRESS") in an attempt to settle the complaint. During the REDRESS hearing Bell discussed his criminal record and work history with Wolski. And when Wolski decided not to hire Bell some five to six months later, he wrote down on Bell's interview form the following comment: "Nonselect – poor [work history] – disclosed non-chalance [sic] about assualt/battery [sic] conviction during REDRESS hearing. 'Gotta beat your wife to keep her in line.'" Besides vehemently denying he ever made such a statement about his wife, Bell argues these comments "correlate[] easily to the complained of retaliation" and thus constitute direct evidence of Wolski's retaliatory attitude. In the court's opinion, they do not.

It is true that Wolski's comments about Bell's poor work history and prior criminal convictions, as well as the statement Wolski attributed to Bell regarding his wife, were directly related to Wolski's decision not to hire Bell, but this misses the point. Even assuming all of the statements were based on what Wolski recalled of the REDRESS hearing, none of them "can be interpreted as an acknowledgment of" Wolski's intent to retaliate against Bell for filing the informal complaint against him or engaging in other protected activity. Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). Put another way, the fact that Wolski used information he allegedly obtained during the REDRESS hearing to deny employment to Bell does not show, at least not "without reliance on inference or presumption," id., Wolski refused to hire Bell *because Bell participated in the REDRESS hearing itself* or, even more generally, because he complained about what he perceived was unlawful discrimination. To illustrate the difference, suppose Wolski wrote down something like, "Nonselect – filed informal complaint," or, "Nonselect – requested REDRESS hearing." These examples are more akin to direct evidence of retaliation and are more closely analogous to the statement discussed in Merritt v. Dillard Paper Co., 120 F.3d 1181 (11th Cir. 1997), the case Bell relies on for his direct evidence theory. See id. at 1190 (holding that employer's remark to plaintiff – "your deposition was the most damning to Dillard's case, and you no longer have a place here at Dillard Paper Company" – constituted direct evidence of employer's retaliatory intent to fire employee for giving a deposition in a coworker's discrimination case against the employer, which is considered participation in protected activity). As it is, the only thing Wolski's actual comments on Bell's interview form prove *directly* is that Wolski was not willing to hire someone who he thought had a spotty employment record and a casual attitude about his criminal past. But in no event does the court believe Wolski's comments can be considered direct evidence of *retaliation*.

This means Bell must proceed instead under the indirect or McDonnell Douglas burden-shifting method to prove his retaliation claim. Establishing a prima facie case of unlawful retaliation in this manner requires Bell to demonstrate, among other things, that he was treated less favorably than similarly situated applicants who did not engage in statutorily protected activity. See Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002); Stone, 281 F.3d at 644. And it is here that Bell's claim falters. Most importantly, the record contains absolutely no evidence of even one other USPS applicant who had a criminal record and employment history comparable to Bell's, who did not file a request for pre-complaint counseling or otherwise complain about discrimination, and who was nevertheless hired. The closest Bell ever comes in this respect is to point out evidence that all of the individuals hired instead of him had test scores lower than his. It appears the reason Bell harps on this point is that he is still working on the mistaken assumption that, once the parties signed the settlement agreement, the Postmaster General was required to hire him as soon as his name and test score were reached on the hiring register, without regard to his prior criminal record and employment history. As the court explained in its previous opinion, this was not the case. To repeat, the settlement agreement did not excuse Bell from the Postmaster General's "one in three" selection process, which compares each applicant to two other applicants based on various factors, including test scores (the three applicants to be compared are actually chosen in "score order"), past employment record, whether family members are employed with the USPS, and criminal history. Under this "one in three" selection process, the job goes to the applicant who is most qualified *overall* out of the three, not simply the one with the best test score. And because Bell has produced no evidence at all about the qualifications of the individuals he was compared with and who were hired instead of him, other than their test scores, or whether they ever engaged in protected activities, his retaliation claim must fail.[1] See id. (failure to satisfy any element of the prima facie case is fatal to retaliation claim).

For the reasons stated above, the Postmaster General's motion for summary judgment on Bell's retaliation claim is granted. This case is hereby dismissed in its entirety.

---

[1] Alternatively Bell claims Wolski testified in his deposition that the "one in three" selection process is done *before* the applicant is called in for an interview. The desired implication from this seems to be that, because he had been called in for an interview, Bell must have already passed the "one in three" selection process, so it was improper for Wolski to rely on Bell's criminal record and employment history in refusing to hire him because that is only considered at the "one in three" selection stage. Whatever merits this theory might have, it is completely unsupported in the record – none of the portions of Wolski's deposition Bell cites can be read to mean that the "one in three" selection process is performed before an interview is conducted. (LR 56.1(a) Pl. Resp. ¶ 24)

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Peter E. Bell

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 00 C 50164

John E. Potter

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment as to plaintiff's retaliation claim is granted. The court hereby dismisses plaintiff's retaliation claim and reaffirms its previous orders (Doc Nos. 12 & 26) dismissing the remainder of plaintiff's claims. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD
02 MAY 20 PM 3:36
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 5/20/2002

Susan M. Wessman, Deputy Clerk